---

(Superior Court of Cincinnati.)
Special Term, Oct., 1901.
JOHN H. CLEMENS v. MUTUAL RESERVE FUND LIFE ASSOCIATION.

---

(1). A five-year provision as to incontestability, contained in a policy of life insurance issued in lieu of a policy of the same number issued twelve years earlier, but without such a provision, does not read into the original policy a waiver of its exception of liability for death by suicide.

(2.) Whether the second policy should be considered as of the same date as the first, the court does not find it necessary to decide.

DEMPSEY, J.

Heard on motion for a new trial.

The action was to recover on a policy of life insurance. The defense was suicide. The verdict, while formally for the plaintiff, was in reality for the defendant, because the amount found due was a sum equal to premiums paid in, and for which defendant admitted its liability. The plaintiff moves for a new trial, first, because under the terms of the policy, properly construed, as claimed by plaintiff, the plaintiff must recover; and, second, because the verdict was against the weight of the evidence. The first ground of the motion is practically for a judgment on the pleadings, notwithstanding the verdict. The facts material

[COPYRIGHT, 1901, BY CARL G. JAHN.]

to an understanding of the case are briefly as follows: On the 18th of December, 1884, the defendant issued its policy in the sum of $5,000 on the life of one Peter Cassman, payable to his wife, one Catherine Cassman, if she was living at the time of Cassman's death; otherwise, payable to his legal representatives. Certain terms, provisions and conditions were included within this policy in the body thereof, one of which was:

"IX. Death of the member" (*i. e.,* of the insured) "by his own hand, whether voluntarily or involuntarily, sane or insane, at the time, *is not a risk assumed* by the association in this contract, but in every such case there shall be payable, subject to all the conditions of the contract a sum equal to the amount of the assessments paid by said member, with six percent. interest; but the board of directors of the association, at its option, may waive this condition of this contract by paying the claim in full."

On the 10th day of April, 1896, by consent of the insured and the beneficiary, John H. Clemens, stepson of said Cassman, was substituted as beneficiary for Mrs. Cassman, and a new policy issued. This policy stipulated that it was "issued in lieu of the policy of the same number which was issued December 18, 1884."

The provisions of the two policies were practically the same, except that the various conditions, etc., referred to as contained in the body of the first policy, are, in the second policy, merely annexed to it is a sort of exhibit and made part of it. Article VIII of these provisions, conditions, etc., is practically identical in terms with article IX of the first policy quoted above. In the second policy, however, in the body thereof, appears this provision, which does not appear in any shape (and I have made close comparison) in the first policy: * * * "If this certificate or policy of insurance shall have been in continuous force until five years from its date, it shall thereafter be incontestable for any cause, except non-payment of dues or mortuary premiums at the times and in the manner herein stipulated, provided the age of the member is correctly stated in the application therefor." There never was any default in the dues or mortuary premiums.

On the 10th of June, 1898, the said Peter Cassman was found dead, hanging from a tree, in an orchard near Linwood, and, at the trial, evidence was offered tending to show that his death was a willful suicide. The plaintiff in his petition declared generally on his policy; the defendant pleaded *in haec verba* the provision or stipulation as to suicide hereinbefore quoted, and, at the trial, the defendant voluntarily assumed the burden of proof on that fact, the plaintiff acquiescing.

When the jury came to be instructed certain special charges as to the weight and character of the evidence necessary to prove suicide were asked by the plaintiff, and all were given by the court.

The circumstances surrounding the decedent in his lifetime, and also those antecedent to and leading up to the finding of his body, suspended from the tree, were all practically uncontradicted.

The construction of the policy or two policies, of insurance was not submitted to the court on the trial. The plaintiff's contention now is that the second policy by reason of its stipulation that it was to be in lieu of the first policy, is to be taken in connection with it, and that, as a consequence, the second policy is to be considered as of the date of the first, and that the five years continuance of the policy which rendered it incontestable is to be reckoned from the date of the first policy, and hence, the suicide of Cassman, if suicide it was, did not invalidate the obligation of defendant to pay the $5,000, it having occurred more than thirteen years after the date of the first policy and while its substitute, the second, was in force.

I have not found it necessary to pass upon the soundness of this contention, for, in my consideration of these policies, it has seemed to me that plaintiff has missed the true meaning thereof. The real question in the case is, what was the contract of the defendant? The plaintiff's theory of the contract is that it was a promise to pay on the death of the insured, subject to a condition that it should not be required to pay if the insured committed suicide. Under this aspect of the contract, proof of death made a prima facia case, and the burden would have been upon the defendant to nullify its liability by proof of the suicide. This would be upon the theory that the suicide was a condition subsequent, which divested the absolute liability imposed by the promise to pay. But there is in the law a well recognized distinction between conditions and exceptions. A condition subsequent always presupposes an absolute obligation which is to be avoided or annulled; while an exception is an exclusion from a general obligation of a certain class or classes, which, were it not for the exclusion, would be comprehended within the subject covered by the general obligation. Thus, in this case, were the obligation to pay upon the death of Peter Cassman, provided that such obligation should be null and void if said Cassman committed suicide, then the suicide would be a condition subsequent avoiding a previous absolute promise to pay.

But that is not this case. The provision is that suicide is not a risk assumed in the contract; in other words, while this defendant insured against death generally, yet it specifically excluded from the general subject of death, that class of death attributable to suicide; that is, at the very inception of the contract, this defendant refused to obligate itself to include suicides among the deaths insured against. To my mind that is the plain reading of each of these policies. Now, the five-year provision, as to incontestability, applies only to the contract entered into by defendant, and as that contract assumed no obligation for suicide, outside of a return of premiums, it follows that this five-year provision can not be read into the contract a liability for suicide over and beyond the returns of the premiums. This construction of the policies renders it really unnecessary to consider the second ground of the motion, for under the contract, as I read it, the burden, instead of being upon the defendant in the first instance to establish suicide, was upon the plaintiff to make out a case under the terms of the policy as it existed. The only question, however, in the case for the jury to determine was that of suicide, and they had all of the facts before them. All of the evidence tended to show suicide and there was no evidence offered except by way of deduction or inference on the part of counsel that death resulted from accident or other cause. Under such circumstances this verdict under *Insurance Company* v. *McGuire*, 19 Ohio Circuit Court, 502, must stand, and any other verdict would have to be set aside. This case of *Insurance Company* v. *McGuire* is a well considered case, and touches upon most of the points considered in this opinion. The plaintiff's motion will be overruled and a judgment entered upon the verdict.

*Bates & Meyer*, for plaintiff and motion; *Foraker, Outcalt, Granger & Prior*, contra.